IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

JANELL BYARS                                                    PLAINTIFF

v.                           CIVIL ACTION NO. 3:19-cv-660-DCB-JCG

ASBURY MANAGEMENT SERVICES, LLC, d/b/a ASBURY
AUTOMOTIVE GROUP and GRAY DANIELS FORD-LINCOLN;
ASBURY AUTOMOTIVE MISSISSIPPI L.L.C., d/b/a/ ASBURY
AUTOMOTIVE GROUP AND GRAY DANIELS FORD-LINCOLN;
ASBURY MS GRAY-DANIELS L.L.C., d/b/a/ ASBURY
AUTOMOTIVE GROUP and GRAY DANIELS FORD-LINCOLN;
And JOHN DOES (1-10)                                            DEFENDANTS

## ORDER

This matter comes before the Court on Defendants Asbury Automotive Mississippi L.L.C., Asbury MS Gray-Daniels L.L.C., and Asbury Management Services, LLC (collectively, "Asbury")'s Motion to Dismiss or, Alternatively, to Stay the Litigation to Determine the Arbitration Issues [ECF No. 6], Plaintiff Janell Byars ("Byars")'s Response [ECF No. 12], and Asbury's Rebuttal [ECF No. 14]. Having read the motion, memoranda in support, relevant statutory and case law, and being otherwise fully informed in the premises, the Court finds that the Defendants' Motion to Dismiss should be DENIED and the matter be stayed until the issue of arbitration is resolved.

Background

On or about September 15, 2015, Byars began working for Asbury at the Gray Daniels Nissan North dealership in Canton, MS which is owned and operated by Asbury. [ECF No. 1] at p. 4. On or about February 2017, Byars transferred to the Gray Daniels Ford-Lincoln dealership in Brandon, Rankin County, MS which is also owned and operated by Asbury. Byars alleges that, beginning in April 2017, Jason Massey ("Massey"), her co-worker at Gray Daniels Ford-Lincoln, began sexually harassing her at work and subjected Byars to an "offensive and sexually hostile working environment." Id. at 5. Byars alleges that she reported Massey's behavior to her supervisors and Human Resources Representatives. Byars filed an original EEOC Charge on October 26, 2018 and an Amended Charge on November 1, 2018. The EEOC dismissed the Charge for not being timely filed. [ECF 6-1].

Plaintiff filed suit in this Court alleging the following claims: (1) violation of Title VII – Sexual Harassment/Hostile Work Environment, (2) violation of Title VII – Retaliation, (3) Sexual Assault/Batter (employer liability), (4) Negligence – hiring, training, supervision, and retention, and (5) Intentional and Negligent Infliction of Emotional Distress.

Defendants assert that – should the Court choose to not consider their Rule 12 motion to dismiss – this matter must be

handled in arbitration, pursuant to an Arbitration Agreement that Byars electronically signed on September 15, 2015. [ECF No. 7] at p. 2. The Arbitration Agreement bears Janell Byars' digital signature, dated September 15, 2015. However, Byars states that she never received or read the Arbitration Agreement and that she has never signed an Arbitration Agreement. Therefore, there is dispute among the parties as to whether they entered into an agreement to arbitrate this matter.

## Discussion

Until the Court "resolve[s] the factual issues bearing on whether [the parties] formed a valid agreement to arbitrate, the Court cannot address the merits of the Defendants' arguments in their 12(b)(6) motion." Sinners and Saints, L.L.C v. Noire Blank Films, L.L.C., 937 F.Supp.2d 835, 848–49 (E.D. La. 2013). If there is a valid arbitration agreement, the "parties must proceed to arbitration on those claims without a judicial determination on the merits thereof." Century Satellite, Inc. v. Echostar Satellite, L.L.C., 395 F.Supp.2d 487, 490 (S.D. Tex. 2005). Therefore, the Court will not address the merits of Asbury's 12(b)(6) Motion to Dismiss until the issue of arbitration is resolved.

"When a commercial transaction involving interstate commerce includes an agreement to arbitrate disputes, federal

law controls the enforcement of the arbitration agreement." MS Credit Center, Inc. v. Horton, 926 S.2d 167, 173 (Miss. 2006). The Federal Arbitration Act ("FAA") is the controlling law on the subject. Id. Congress's purpose in enacting the FAA was to establish a "federal policy favoring arbitration," and to require the Court to "rigorously enforce agreements to arbitrate." Id.(citing East Ford v. Taylor, 826 So.2d 709, 713 (Miss. 2002)); see also, Shearson/Am. Exp. Inc. v. McMahon, 482 U.S. 220, 226 (1987).

All doubts concerning the scope of arbitrable issues must be resolved in favor of arbitration. See Ms. Credit Center, 926 So.2d at 175. Because of the strong federal policy favoring arbitration, the party opposing arbitration has the burden of establishing any alleged defenses to the enforcement of the arbitration provision. See id.; see also, American Heritage Life Ins. Co. v. Lang, 321 F.3d 533, 539 (5th Cir. 2003).

There is a genuine issue as to whether the FAA mandates arbitration between Byars and Asbury. See 9 U.S.C. § 2; see also MS Credit Center, 926 So.2d at 175("Section 2 'mandate[s]' the enforcement of arbitration agreements, save upon such grounds as exist at law or in equity for the revocation of any contract)(internal citations omitted). There is a two-step inquiry when determining whether to compel arbitration of a

dispute: (1) whether the parties agreed to arbitrate the dispute; and (2) whether legal constraints external to the agreement preclude arbitration of the claims. See Garner v. BankPlus, 484 B.R. 134, 140 (S.D. Miss. 2012)(citing Webb v. Investacorp, Inc., 89 F.3d 252, 257–258 (5th Cir. 1996)).

There is a dispute as to whether the parties agreed to arbitrate. Byars states in her sworn Affidavit that she did not receive/read (electronically or otherwise) or sign (digitally or otherwise) the disputed arbitration agreement. [ECF No. 12-1](Byars Aff.) at ¶ 8. However, Asbury states that Byars did "acknowledge that she read the Agreement and that she signed it with an electronic signature using a password that she created and that was unique to her." [ECF No. 14] at p. 9.

When the making of an arbitration agreement is in issue, an evidentiary hearing or trial must be heard on the matter. See Chester v. DirecTV, L.L.C., 607 F.App'x 362, 363–64 (5th Cir. 2015). 9 U.S.C. §4 states:

> "If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an

> order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof."

Byars requests the opportunity to conduct discovery on the issue of arbitration, provide additional briefing, and proceed with an evidentiary hearing to resolve the disputed matter. [ECF No. 13] at p. 19. Byars has not requested a trial, and the Court may satisfy its duty under §4 by holding an evidentiary hearing. <u>Credit Acceptance Corp. v. Ledbetter</u>, No. 1:16-cv-70-DAS. 2016 WL 4688867, at *4 (N.D. Miss. Sept. 7, 2016). The Court agrees that the parties need to provide additional briefing on the issue of arbitration and that an evidentiary hearing be held. As to arbitration-related discovery, the Court finds that the matter of arbitration can be addressed with limited discovery.

"[C]ourts in this district have 'generally denied arbitration-related discovery absent a compelling showing that such discovery is required.'" <u>American General Life Insurance Co. v. Harper</u>, No. 3:15-cv-605-DPJ-FKB, 2016 WL 430609, at *2 (5th Cir. Feb. 3, 2016)(citing <u>Bell v. Koch Foods of Miss., LLC</u>, No. 3:108-cv-697-WHB-LRA, 2009 WL 1259054, at *3 (S.D. Miss. May

6

5, 2009) aff'd, 358 Fed.Appx. 498 (5th Cir. 2009)). The Federal Arbitration Act "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses," and it was "Congress's clear intent, in the [FAA], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." Bell, 2009 WL 1259054, at *2(citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 29 (1983)). Therefore, the Fifth Circuit rejected the argument that there is a compelling reason for discovery anytime a party bears the burden of proof to compel or defeat arbitration. Id.

Byars' claim that she never received or signed the arbitration clause at issue challenges the existence of an agreement to arbitrate. See McCoy v. Wells Fargo, N.A., No. 3:17-cv-360-HSO-JCG, 2017 WL 11379843, at *3 (S.D. Miss. Sept. 29, 2017). In McCoy, a dispute over the existence of an agreement to arbitrate was sufficiently compelling to require limited arbitration-related discovery. Id. Asbury requests that, should the Court require discovery, it be limited to the following: (1) the mechanics of the hiring and onboarding processes, (2) the Plaintiff's use of her personal computer to access the onboarding documents, (3) whether the Plaintiff was presented with the Arbitration Agreement, and (4) whether she acknowledged the Agreement in the hiring and onboarding process.

The Court finds Asbury's request well taken and discovery shall be thusly limited.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Defendants' 12(b)(6) motion to dismiss is DENIED without prejudice to the Defendants' right to re-urge the motion after the Court determines whether there is a valid arbitration agreement. The deadline to complete the arbitration-related discovery is March 10, 2020. Both parties shall submit additional briefing on the issue of arbitration 20 days from the close of discovery and contact the chambers of the undersigned to schedule the evidentiary hearing. This matter is stayed until the issue of arbitration is resolved.

SO ORDERED this the 10th day of January, 2020.

                                            _/s/ David Bramlette_____
                                               UNITED STATES DISTRICT JUDGE