**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JANELL BYARS**                                                                                   **PLAINTIFF**

**V.**                                                            **CAUSE NO. 3:19-CV-660-CWR-JCG**

**ASBURY MANAGEMENT SERVICES,**                           **DEFENDANTS**
**LLC** *d/b/a* **Asbury Automotive Group and**
**Gray Daniels Ford-Lincoln, et al.**

**ORDER**

Janell Byars alleges that her former employer, Asbury Automotive Group d/b/a Gray Daniels Ford-Lincoln ("Gray Daniels"), is liable to her for sexual harassment, retaliation, and several state-law torts. Her complaint describes a pattern of severe and persistent harassment on the basis of sex. The harassment included, among other things, an employee grabbing her, saying unwelcome things like, "I wonder how you sound when you moan," and stalking her. Byars says Gray Daniels "never did anything" when she told them about the harassment. Management instead told her aggressor "to not be concerned about it" and, in fact, "accused [Byars] of making it all up for attention." She was demoted for complaining and later resigned.

Gray Daniels now asks this Court to either dismiss Byars' claims or send the case to private arbitration. Byars opposes the motion. After some discovery regarding the arbitration agreement, the parties now agree that there are no factual disputes that require an evidentiary hearing on that agreement.

On review, the Court finds that the arbitration agreement cannot be enforced.

Arbitration agreements are contracts. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012). Mississippi law requires contracts to be enforced as the contracting parties intended. *See Royer*

*Homes of Miss., Inc. v. Chandeleur Homes, Inc.*, 857 So. 2d 748, 752 (Miss. 2003). "The analysis begins (and usually ends) with the plain language of the contract." *Mills v. Butler Snow LLP*, No. 3:18-CV-866-CWR-FKB, 2019 WL 4346587, at *3–4 (S.D. Miss. Sept. 12, 2019) (citing *Royer Homes*, 857 So. 2d at 752).

The arbitration agreement at the heart of our case, *see* Docket No. 38-3, has "express language clearly indicat[ing] an intent for the parties to be bound to the arbitration agreement by signing." *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 689 (5th Cir. 2018) (applying analogous Texas law). But Byars was the only party to actually sign the arbitration agreement. Gray Daniels did not. While it may seem strange to not let Gray Daniels enforce an arbitration agreement it wrote and presented to Byars, the Court is simply honoring the words Gray Daniels chose—words that indicated Gray Daniels had to sign too. The result is that the arbitration agreement cannot be enforced.

That leads us to the merits arguments. The Rule 12(b)(6) standard is familiar and need not be repeated.

Gray Daniels first argues that Byars' Title VII claims are untimely because they were presented to the EEOC on October 26, 2018, after the expiration of the 180-day period to file charges of discrimination. Byars, however, has submitted evidence that she mailed her charge of discrimination to the EEOC in March 2018.[1] She has also submitted evidence from her counsel's legal assistant describing how in March 2018, Byars told the legal assistant that she had mailed in the form, then brought into the office a copy for her attorney.

In *Granger v. Aaron's*, the district court and the Fifth Circuit agreed that equitable tolling was available in situations like these, where "a plaintiff has actively pursued judicial remedies but filed a defective pleading, as long as the plaintiff has exercised due diligence," the defendant

---

[1] Specifically, she has submitted for the record a letter dated March 8, 2018, and signed March 12, 2018.

had not "demonstrated prejudice," and **"**the balance of equities tipped in favor of seeing [the plaintiff's] claim survive." 636 F.3d 708, 712-13 (5th Cir. 2011) (citation omitted).

Applying these factors here, Byars has a meritorious case for equitable tolling. She "has exercised due diligence in pursuing her rights," *id.* at 712, in that she filed her charge of discrimination early, gave a copy to her attorney, followed-up with the EEOC, and then immediately sent her charge in again upon learning that the EEOC had lost it. There is little if any demonstrated prejudice to Gray Daniels from permitting the claim to proceed, and the equities tip in favor of seeing her claim move forward on the merits. Her Title VII claims shall proceed for now.[2]

Gray Daniels next argues that Byars' claims for sexual assault, battery, and intentional infliction of emotional distress are barred by Mississippi's one-year statute of limitations for intentional torts. Gray Daniels is correct. Because the events in question occurred more than one year before this suit was filed, these claims cannot proceed.

Finally, Gray Daniels argues that Byars' negligence-based claims are barred by the workers' compensation exclusivity doctrine in Mississippi law. It is again correct. *See, e.g.*, *McNeil v. Quality Logistics Sys., Inc.*, No. 3:15-CV-927-CWR-FKB, 2016 WL 6999483, at *4 (S.D. Miss. Nov. 30, 2016).

For these reasons, the motion to dismiss is granted in part and denied in part. The parties shall contact the chambers of the Magistrate Judge to schedule a case management conference.

**SO ORDERED**, this the 7th day of December, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] The record suggests that the parties' discovery period was limited to the arbitration agreement and did not encompass equitable tolling. The Court is therefore not entirely comfortable making a definitive ruling on equitable tolling, especially where one party has requested discovery to delve into it further. For this reason, Gray Daniels may seek to revisit this ruling at the summary judgment stage.