UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANELL BYARS                                                    PLAINTIFF

V.                              CIVIL ACTION NO.  3:19-CV-660-KHJ-MTP

ASBURY MANAGEMENT SERVICES, LLC et al.            DEFENDANTS

ORDER

Before the Court is Defendant Asbury Management Services, LLC's

("Asbury") Motion for Summary Judgment [97]. For the following reasons, the Court

grants the motion in part and denies the motion in part.

I.      Facts and Procedural History

This case arises from Plaintiff Janell Byars's employment with Asbury at the

Gray Daniels Ford-Lincoln dealership in Brandon, Mississippi. Compl. [1] ¶ 13.

Byars alleges that coworker Jason Massey sexually harassed her and created "an

offensive and sexually hostile working environment." *Id.* She also alleges that

Asbury's management did not act to prevent Massey's sexual misconduct. *See id.* at

6. As such, she brought claims for sexual harassment, hostile work environment,

and retaliation under Title VII as well as various state law tort claims. *Id.* at 11, 14-

16, 18.

At the motion to dismiss stage, the Court held that Byars's intentional tort

claims were barred by the one-year statute of limitations and her negligence-based

tort claims were barred by the workers' compensation exclusivity doctrine. *See* Order [42] at 3.

But Byars's Title VII claims survived the motion to dismiss. Based on the pleadings, the Court found that Byars was plausibly entitled to equitable tolling because "she filed her charge of discrimination early, gave a copy to her attorney, followed-up with the EEOC, and then immediately sent her charge in again upon learning that the EEOC had lost it." [42] at 3. The Court also found that Asbury showed no prejudice in allowing the claim to proceed, and "the equities tip[ped] in favor of seeing [Byars's] claim move forward on the merits." *Id.* The Court, however, recognized that the parties' discovery was limited to the validity of the arbitration agreement and did not feel comfortable "making a definitive ruling on equitable tolling, especially where one party has requested discovery to delve into it further." *Id.* at n. 2.

The parties have now engaged in discovery on equitable tolling. Byars contends that in late February 2018, she retained counsel to represent her in this case. *See* Affidavit of Janell Byars [102-5] at 1. She argues that Asbury demoted her around this time as well. *Id.* According to Byars, she signed an EEOC Charge of Discrimination form and cover letter ("March 2018 Charge") and mailed them to the EEOC's Jackson office on March 12, 2018. *Id.* Byars also states that within a week of sending the March 2018 Charge, she provided a courtesy copy to her attorneys, who advised her to inform them once the EEOC provided her a right to sue letter. *Id.* at 1-2.

2

In the March 2018 Charge, Byars asserted sex discrimination and retaliation claims. March 2018 Charge [102-8]. She alleged that Massey sexually harassed her and that her supervisors refused to act. *Id.* Asbury then demoted her to a position that paid $11,000 less per year than the position she held before her reports of sexual harassment. *Id.*

About one month later, Byars sent Asbury a resignation letter on April 23, 2018, giving her two weeks' notice. Resignation Letter [6-4]. Her last day of work was April 27, 2018. Exit Interview [6-5]. On October 26, 2018, 181 days after Byars's last day of work with Asbury, Byars's counsel faxed a copy of the March 2018 Charge to the EEOC's Jackson Office. October 26, 2018 Fax Sending EEOC Charge [102-11]. In this fax, Byars's counsel stated that Byars mailed the March 2018 Charge to the EEOC Jackson office on March 12, 2018, as reflected on the document's signature. *Id.* at 2. Byars's counsel further stated:

> As these documents were not returned in the mail, it was assumed that they had been received by your office. We learned today that the Jackson Office has no record of this claim, so we are forwarding another copy to you. It is our position that the claim should be recorded as filed sometime in March, 2018, as set forth above.

*Id.* at 2.

On November 1, 2018, Byars filed an amended charge ("November 2018 Charge"), re-asserting the hostile work environment and retaliation charges, as well as constructive discharge. November 2018 Charge [102-12] at 2. The November 2018 Charge was filed 188 days after Byars's last day of employment with Asbury.

The EEOC responded to the Amended Charge on June 28, 2019, stating that it was not timely filed within 180 days. [97-1]. Asbury now moves for summary judgment. [97].

II.   Standard

When considering a motion under Federal Rule of Civil Procedure 56, the Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the applicable substantive law, 'its resolution could affect the outcome of the action.'" *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 747 (5th Cir. 2019) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)). "An issue is 'genuine' if 'the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'" *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013). The Court should grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 560 (5th Cir. 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

III.    Analysis

A. Timeliness of Claims

To pursue claims under Title VII, claimants must file a charge with the EEOC within 180 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). The 180-day "period begins to run from the time the complainant knows or reasonably should have known that the challenged act has occurred." *Vadie v. Miss. State Univ.*, 218 F.3d 365, 371 (5th Cir. 2000). Hostile work environment claims implicate the "continuing violation doctrine," which provides that "as long as an employee files her complaint while at least one act [comprising] the hostile work environment claim is [] timely, the entire time period of the hostile environment may be considered by a court for the purpose of determining liability." *Heath v. Bd. of Supervisors for S. Univ. Agric. & Mech. Coll.*, 850 F.3d 731, 736 (5th Cir. 2017) (internal citations and quotations omitted).

The parties dispute when Byars's claims accrued. Asbury contends that, at the latest, Byars's claims accrued on April 23, 2018, the date on which she submitted her resignation letter to Asbury. Mem. in Supp. of Mot. for Summ. J. [98] at 14–15. But, Byars asserts that, because of the continuing violations in her hostile work environment claim, her claims accrued the day after her last day of employment with Asbury on April 28, 2018. [103] at 16. Byars also contends that her constructive discharge element was timely "because it was properly alleged and filed as an amendment to the March 2018 Charge, and its filing date relates back to the date of the March 2018 EEOC Charge." *Id.* at 24.

5

The Court finds both parties' proposed dates for when Byars's claims accrued are past the 180-day deadline to file a charge with the EEOC. A proposed date of April 28, 2018 is the latest possible date of accrual, and Byars filed the October 2018 Charge 181 days after that date. Thus, Byars's claim is untimely, and the Court proceeds to the equitable tolling analysis.

B. Equitable Tolling

"The limitations period on filing a charge of employment discrimination is subject to equitable doctrines such as tolling or estoppel." *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 380 (5th Cir. 2019) (internal quotations and citation omitted). Equitable tolling is to be "applied sparingly." *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) (citing *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002)). The plaintiff carries "the burden to provide justification for equitable tolling." *Granger v. Aaron's, Inc.* 636 F.3d 708, 712 (5th Cir. 2011).

The Fifth Circuit has described three explicit bases for equitable tolling:

(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights.

*Id.* (quoting *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995)).

The Fifth Circuit has also recognized that besides these three circumstances, "equitable tolling is available where a plaintiff has actively pursued judicial remedies, but filed a defective pleading, as long as the plaintiff has exercised due

6

diligence." *Id.* (citing *Perez v. United States*, 167 F.3d 913, 918 (5th Cir. 1999)). The Court must also consider whether the defendant has shown prejudice and whether the balance of equities tips in favor of the claim's survival. *See id.* at 712-13. "[E]quitable tolling does not apply to normal situations of attorney negligence or inadvertence." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 238 (5th Cir. 2010).

Fifth Circuit precedent on equitable tolling in Title VII cases provides guidance. In *Granger v. Aaron's, Inc.*, the Fifth Circuit held that the district court did not abuse its discretion in applying equitable tolling for these reasons: the plaintiffs secured counsel "soon after their resignation" from employment; the plaintiffs "signed complaints [that] were submitted to the government months before the" statute of limitations expired; the plaintiffs' attorney made repeated contact with an incorrect government authority who failed to communicate the filing error; the government's delay was "egregious and exceptional"; and the employer did not show prejudice from the delay. *Granger*, 636 F.3d, at 713. The Fifth Circuit has "considered it relevant whether 'the plaintiff took some step recognized as important by the statute before the end of the limitations period.'" *Id.* at 712 (quoting *Perez*, 167 F.3d, at 918).

Similarly, Byars secured counsel promptly, even before she resigned. She also allegedly signed the March 2018 Charge well before the 180-day deadline. Likewise, Asbury does not show prejudice from the delay in filing.

But in *Wilson v. Secretary, Department of Veterans Affairs*, the Fifth Circuit held that a plaintiff did not exercise due diligence in pursuing her appeal from the

7

EEOC and declined to grant equitable tolling for overseas mailing delays. 65 F.3d. at 405. For support in this decision, the Fifth Circuit cited the plaintiff's failure to explain why "she could not have avoided overseas mail and communicated via telephone or facsimile machine." *Id.* at 405. As in *Wilson*, Byars does not explain why she chose to rely on standard United States Postal Service mailing, rather than facsimile machine or certified mail.

The Court recognizes that this case presents a close call. On one hand, Byars assumed the risk of sending her March 2018 Charge via standard United States Postal Service and not certified mail or facsimile machine. *See Wilson*, 65 F.3d at 405. Neither Byars nor her counsel followed up with the EEOC to check the status of the March 2018 Charge when it was sent via standard mail service.

On the other hand, Byars's promptness in securing counsel, evidence in the record that Byars sent a signed March 2018 Charge well before the 180-day deadline, a lack of demonstrated prejudice to Asbury for the minor delay in filing, and Byars's proffered reasons for failing to follow-up with the EEOC within the 180-day period persuade the Court to apply equitable tolling for the claims contained within the March 2018 Charge. And discovery did not produce any material change in either parties' arguments for or against equitable tolling since the Court last ruled on the issue. For these reasons, the Court finds equitable tolling is appropriate for Byars's sexual harassment, hostile work environment, and retaliation claims.

The Court, however, holds that Byars's constructive discharge claim should not be tolled. Byars asserts that the November 1, 2018 Amended Charge relates back to the March 2018 Charge. Not so.

"Title VII requires employees to exhaust their administrative remedies before seeking judicial relief." *Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 F. App'x 917, 921 (5th Cir. 2009) (quoting *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008)). Filing a charge with the EEOC fulfills this requirement. *Id.* Claims for constructive discharge are separate and distinct from that of discrimination, retaliation, and hostile work environment because a claim for one cannot "reasonably be expected to trigger" an EEOC investigation in another. *See id.* As a result, Byars did not timely exhaust her administrative remedies for her constructive discharge claim. As acknowledged, *supra*, the latest possible date of accrual for Byars's constructive discharge claim is April 28, 2018. She did not file a charge with the EEOC for constructive discharge until after the 180-day deadline, which was October 25, 2018. The first time she filed a constructive discharge claim with the EEOC was November 1, 2018. The Court therefore declines to exercise equitable tolling on Byars's constructive discharge claim.

C.  Title VII Claims

Asbury moves for summary judgment on Byars's Title VII retaliation, sexual harassment, and hostile work environment claims, insisting Byars both consented to the alleged sexual harassment and perjured herself during her deposition. Thus,

Asbury asserts there is no genuine dispute of material fact and Byars's case requires dismissal. [98] at 22. The Court disagrees.

Title VII "prohibits sexual harassment that takes the form of a tangible employment action, such as a demotion or denial of promotion, or the creation of a hostile or abusive working environment." *Lauderdale v. Tex.*, 512 F.3d 157, 162 (5th Cir. 2007). To succeed on a Title VII sexual harassment claim alleging hostile work environment, a plaintiff must satisfy the next elements. "(1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a 'term, condition, or privilege' of employment." *Id.* at 163.

Asbury contends that there is no genuine dispute of material fact about whether the alleged harassment was unwelcome. [98] at 21. Asbury also argues that Byars's assertions to the contrary in her deposition constitute perjury, and her case should be dismissed. *Id.* at 21–22.

First, the Court finds that there is a genuine dispute of material fact about whether the alleged harassment was unwelcome. Although Asbury characterizes the texts between Byars and Massey as welcoming sexual conversation, these texts do not compel the conclusion that any sexual harassment was welcomed. *See* Text Messages [98-10]. Byars also cites to several instances in the record to refute that sentiment. See [103] at 32–34. The Court may not weigh evidence now, and thus cannot grant summary judgment.

And the Court does not find proof by clear and convincing evidence that Byars committed sanctionable false swearing or perjury. Perjury is the false testimony under oath "concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citation omitted). When used in a criminal or punitive sense, "willful" denotes an act "done with bad purpose"—that is, with specific intent to communicate falsehood. *See United States v. Kerley*, 643 F.2d 299, 302 (5th Cir. Unit B 1981) (citation omitted); *Bronston v. United States*, 409 U.S. 352, 359 (1973) ("state of mind of the witness is relevant only to the extent that it bears on whether 'he does not believe [his answer] to be true.'" (alteration in original)). The Court cannot conclude that willful false testimony was given at any point during discovery and declines to dismiss the case on perjury grounds. Cross-examination is the more appropriate vehicle to address any alleged inconsistencies in the record.

Asbury offers no other ground to support that there is no genuine dispute of material fact. The Court finds that the record is filled with genuine disputes of material facts pertaining to Byars's remaining Title VII claims. Thus, Asbury's Motion for Summary Judgment on these claims is denied.

IV.    Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court GRANTS IN PART and DENIES IN PART

Asbury's Motion for Summary Judgment [97]. The Court grants Asbury's motion as to Byars's constructive discharge claim under Title VII. The Court DISMISSES Byars's Title VII constructive discharge claim.

Finding genuine issues of material fact exist on Byars's remaining Title VII claims of sexual harassment, retaliation, and hostile work environment, the Court DENIES summary judgment.

SO ORDERED AND ADJUDGED this the 15th day of February, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE