UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANELL BYARS                                                                             PLAINTIFF

V.                                         CIVIL ACTION NO.  3:19-CV-660-KHJ-MTP

ASBURY MANAGEMENT SERVICES, LLC et al.                       DEFENDANTS

ORDER

Before the Court is Defendants Asbury Automotive Mississippi LLC., Asbury MS Gray-Daniels LLC, and Asbury Management Services LLC's (collectively, "Asbury") Motion to Certify an Interlocutory Appeal and to Stay Proceedings [107]. For the following reasons, the Court denies the motion.

The Court issued an Order granting in part and denying in party Defendants' Motion for Summary Judgment. *See* Order [106]. In this Order, the Court exercised its discretion to apply equitable tolling to Plaintiff Janell Byars' Title VII claims of sexual harassment, retaliation, and hostile work environment. *Id.* Asbury now moves the Court to certify an interlocutory appeal, seeking appellate review of the Court's application of equitable tolling. [107].

"[A]s a general rule, parties must litigate all issues in the trial court before appealing any one issue." *Henry v. Lake Charles Am. Press LLC*, 566 F.3d 164, 171 (5th Cir. 2009). The Court may certify an otherwise-unappealable issue for immediate appeal if: (1) it involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may

materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "[A]n interlocutory appeal is to be used only in extraordinary cases where a decision on interlocutory appeal . . . is not intended merely to provide review of difficult rulings in hard cases." *Goree v. City of Verona*, No. 1:17-cv-93-SA-DAS, 2020 WL 6051258, at *1 (N.D. Miss. Oct. 13, 2020).

The Court finds that this case does not meet all three factors. Even so, district courts have "unfettered discretion to deny certification, even when all three [statutory criteria] are satisfied." *Nieman v. City of Dallas*, No. 3:14-cv-3897, 2016 WL 470235, at *3 (N.D. Tex. Feb. 8, 2016). Because the Court finds that not all three factors are present, the Motion for Interlocutory Appeal and to Stay Proceedings [107] is DENIED.

SO ORDERED AND ADJUDGED this the 3rd day of March, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
